UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW R. RICKEY & AUGUSTUS M. RICKEY, ) </br> ) </br> Plaintiffs,  ) </br> ) </br> v.  ) </br> ) </br> TOYOTA MOTOR CREDIT CORP.,  ) </br> d/b/a TOYOTA FINANCIAL  ) </br> SERVICES  ) </br> ) </br> Defendants.  ) | Case No. 4:22-CV-55-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand. (Doc. 11). On December 7, 2021, Plaintiffs Matthew and Augustus Rickey filed an action against Defendant Toyota Motor Credit Corporation d/b/a Toyota Financial Services ("TFS") in Missouri state court. (Doc. 5). Plaintiffs allege that they purchased a 2006 Toyota 4-Runner (the "Vehicle") from the Marion Toyota dealership on October 29, 2021. (*Id.* at ¶ 4). Plaintiffs received a trade-in allowance of $4,465.00 for a Chevrolet Cruise and executed a Retail Installment Contract ("RIC") with Marion Toyota for the remaining balance. (*Id.* at ¶¶ 5-6). Marion Toyota assigned the RIC to TFS and informed Plaintiffs that the dealership still had to obtain title from the Vehicle's previous owner. (*Id.* at ¶ 7). A few days later, a Marion Toyota employee called Plaintiffs and informed them of a lien on the Vehicle which the dealership could not clear. (*Id.* at ¶ 9). Plaintiffs now bring this suit seeking a judgment declaring the lien invalid (Count II) while also alleging violations of Illinois' Consumer Fraud and Deceptive Business Practices Act (Count I) and the Magnuson-Moss Warranty Act ("MMWA") (Count III).

1

TFS timely removed the action to this Court on January 14, 2022. (Doc. 1). TFS contends that Plaintiffs' claim under the MMWA, a federal statute, establishes federal question jurisdiction pursuant to 28 U.S.C. § 1331. (*Id.* at ¶ 4). TFS further argues that this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. (*Id.* at ¶ 5). Plaintiffs filed a Motion to Remand on February 4, 2022. (Doc. 12). Plaintiffs contend that this Court lacks federal jurisdiction because the amount in controversy is less than $50,000, the threshold for United States district courts to hear MMWA claims. 15 U.S.C. § 2310(d)(3)(B). In their motion, Plaintiffs specifically represent that they "are not seeking damages, only equitable relief." (Doc. 12 at 3). In response, and considering Plaintiffs' representation that they are only seeking equitable relief, TFS consents to remand. (Doc. 17 at ¶¶ 3-4). In these circumstances, the Court will grant Plaintiffs' motion with TFS' consent and remand the matter St. Louis County.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. 11) is **GRANTED**, and this matter is **REMANDED** to the Circuit Court for the Twenty-First Judicial Circuit in St. Louis County, Missouri.

Dated this 23rd day of March, 2022.

                                                 JOHN A. ROSS
                                                 UNITED STATES DISTRICT JUDGE